UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 03-30280-KPN

JOSE FRATICELLI
PLAINTIFFS
V.
MICHAEL ASHE, JR., SHERIFF OF THE COUNTY OF HAMPDEN
AND LT. JUAN RAMOS
DEFENDANTS

## DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT.

1. Defendants state they are without sufficient information to form a belief as to the truth of the allegations contained in paragraph 1 of plaintiffs' Complaint.

2. Defendants admit only that Defendant Michael J. Ashe, Jr. is an employee of the Commonwealth of Massachusetts and is the Sheriff for Hampden County with a business address of 627 Randall Road, Ludlow, Massachusetts, and deny the remaining allegations contained in paragraph 2 of plaintiffs' Complaint.

3. Defendants admit only that Juan Ramos is an employee of the Commonwealth of Massachusetts at the Hampden County Correctional Center located at 627 Randall Road, Ludlow, Massachusetts but have insufficient information to form a belief as to the truth of the allegations contained in paragraph 6 of plaintiffs' Complaint.

4. Defendants are without sufficient information to form a belief as to the truth of the allegations contained in paragraph 4 of plaintiffs' Complaint.

5. Defendants are without sufficient information to form a belief as to the truth of the allegations contained in paragraph 5 of plaintiffs' Complaint.

6. Defendants are without sufficient information to form a belief as to the truth of the allegations contained in paragraph 6 of plaintiffs' Complaint.

7. Defendants are without sufficient information to form a belief as to the truth of the allegations contained in paragraph 7 of plaintiffs' Complaint.

### PLAINTIFF'S CLAIM FOR RELIEF

1. Defendants deny the allegations contained in paragraph 1 of the Claim for Relief in plaintiff's Complaint.

2. Defendants deny the allegations contained in paragraph 2 of the Claim for Relief in plaintiff's Complaint.

### AFFIRMATIVE DEFENSES

1. The complaint fails to state any claim upon which relief can be granted.

2. Plaintiff's claim is barred because the damages allegedly suffered by the Plaintiff resulted from or were caused by the contributory negligence of the Plaintiff.

3. Plaintiff's claim is barred because the damages allegedly suffered by the Plaintiff resulted from or were caused or contributed to by the negligence of the Plaintiff, which negligence was equal to or greater than any alleged negligence of the Defendants.

4. Plaintiff's claim is barred because the damages allegedly suffered by the plaintiff were caused by the intervening and/or superseding negligence or other acts or omissions of third persons or entities for whose conduct the Defendants are not legally responsible.

5. Plaintiff is not entitled to recover in the amounts prayed for in the Complaint because Plaintiff's negligence has diminished whatever right, if any, Plaintiff might ever have had to such recovery.

6. The Plaintiff's action is barred due to lack of service of process and due to insufficient service of process.

7. The Plaintiff's claim is barred due to the Plaintiff's failure to provide sufficient and timely notice of Plaintiff's claim and injury as required by law, including but not limited to the provisions of G.L. ch. 258

8. The defendants deny that this action arises under the Constitution of the United States and deny that there has been any deprivation under color of any statute of the Commonwealth of Massachusetts of any rights, privileges or immunities secured to the plaintiff by the Constitution of the United States.

9. The plaintiff's claims should be diminished in accordance with M.G.L. c. 231 § 85 because the damages allegedly suffered by the Plaintiff resulted from or were caused by or contributed to by the negligence of the Plaintiff.

10. The defendants state that all of their actions as they may relate in any way to this action were taken in good faith without the knowledge that said actions would result in a violation of the named plaintiff's, or anyone else's,

constitutional rights, nor were said actions taken with any reckless disregard of the constitutional rights of the named plaintiff, or of anyone else, and thus, the defendants are immune from liability for any damages as alleged in plaintiff's complaint under the doctrine of qualified immunity.

11. The defendants say that defendant was a public figure and/or a public official and that all of defendants' actions which in any way related to the plaintiff were taken in good faith and therefore are not actionable.

12. The defendants say that all of their actions which in any way related to the plaintiff were taken pursuant to their public obligations and duties, that their said actions were taken in their lawful capacity pursuant to their obligations under state law, and as such, were privileged.

13. The defendants say that they are immune from liability in this action under the provisions of G.L. c. 258, as amended.

14. This defendants say that the plaintiff has failed to comply with the provisions of G.L. c. 258, as amended.

15. The plaintiff's claims are barred by the Eleventh Amendment of the United States Constitution and the doctrines of sovereign and qualified immunity.

WHEREFORE, the defendants pray:

1. That this Court enter judgment for the defendants, dismissing all claims against them which are set forth in the complaint;

2. That this Court award defendants their attorneys' fees, costs and expenses;

and

3. That this Court grant such other and further relief as may be just and proper.

THE DEFENDANTS DEMAND A TRIAL BY JURY.

> The Defendants
> By their attorney
>
> _____
> Edward J. McDonough, Jr., Esq.
> Egan, Flanagan and Cohen, P.C.
> 67 Market Street - Post Office Box 9035
> Springfield, MA 01102
> (413) 737-0260; Fax: (413) 737-0121
> BBO# 331590

_____ certifies that copies of the above document were served on the defendant by mail/fax on 1/20/04. To: Jose Fraticelli, Hampden County Correctional Center, 627 Randall Rd, Ludlow MA 01056.

2866-040128\61944.wpd

5