UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 03-30280-KPN

JOSE FRATICELLI
PLAINTIFF
V.
MICHAEL J. ASHE, JR. AND LT. JUAN RAMOS
DEFENDANTS

**DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO PROSECUTE [FED.R.CIV.P. 41(B)].**

The above named defendants hereby move to dismiss all claims against them for the following reasons:

1. Plaintiff has failed to appear at the Scheduling Conferences on September 30, 2004 and on December 6, 2004, and plaintiff has failed to provide the court and opposing counsel with a current address and/or telephone number.

2. Dismissal is appropriate when a party fails to comply with this court's rules, or fails to prosecute his or her case. See Fed. R .Civ. P. 41(b), Involuntary Dismissal:

> (2) <u>For failure of the plaintiff to prosecute</u> or to comply with these rules or any order of the court, a defendant may move for dismissal of an action or of any claim against the defendant... (emphasis added)

3. The rules mandate that each attorney, or party appearing pro se, provide the Court and all other parties with an address. Plaintiff has failed to do so. The plaintiff's conduct is in clear violation of Local Rule 83.5.2 of the United States District Court for the District of Massachusetts which states:

> "Each attorney appearing and <u>each party appearing pro se is under a continuing duty to notify the clerk of any change of address and telephone number</u>. Notice under this rule shall be filed in every case. Any attorney or party appearing pro se who has not filed an appearance or provided the clerk with his current address in accordance with this rule shall not be entitled to notice. Notice mailed to an attorney's or party's last address of record shall constitute due notice contestable only upon proof of a failure to mail delivery." (emphasis added)

4. Plaintiff was released from Hampden County Correctional Center on August 21, 2004 and failed to notify the Court of a new address or a new telephone number.

5. Pursuant to the Court's instructions, counsel for the defendants researched forwarding addresses for the plaintiff. In a Status Report dated October 7, 2004, counsel for the defendants reported to the court that the plaintiff was released on August 21, 2004 and was not paroled and therefore not in the Parole Department's system.

6. In a Supplemental Status Report dated October 12, 2004, counsel for the defendants reported that copies of pleadings were sent to all known addresses of the plaintiff and a response was received informing counsel of a possible new address for the plaintiff. Copies of the pleadings were forwarded to the plaintiff at 258 Cannon Circle, Springfield, Massachusetts. The mailing was not returned to the defendant.

7. On November 2, 2004, the court sent to all parties a Notice of Scheduling Conference for December 2, 2004 to the parties including the new address of

258 Cannon Circle, Springfield, Massachusetts. Said notice to the new address was not returned to the court.

8. On November 22, 2004, the court sent to all parties a notice continuing the Scheduling Conference until December 6, 2004. Plaintiff's notice was mailed to 258 Cannon Circle, Springfield, Massachusetts and was not returned to the court.

Wherefore, the defendants request the case be dismissed.

For the Defendants
By their Attorney,

_____
Edward J. McDonough, Jr., Esq.
BBO# 331590
EGAN, FLANAGAN AND COHEN, P.C.
67 Market Street - Post Office Box 9035
Springfield, MA 01102
(413) 737-0260; Fax: (413) 737-0121

_____ certifies that copies were served on all parties, including plaintiff Jose Fraticelli, 258 Cannon Circle, Springfield, MA by mail on December 20 ,2004, which is the plaintiff's last known address.

2866-040128\81537.wpd

3